UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY,<br>*Plaintiff* <br> v. <br> OPF ENTERPRISES, LLC, <br> *Defendant.* | § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:17-CV-2048 <br><br> JURY DEMANDED |

_____

**DEFENDANT OPF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES
AND FOR ENTRY OF JUDGMENT**
_____

To the Honorable Court:

Defendant OPF Enterprises, LLC ("OPF") files this motion for attorney's fees and expenses and entry of a judgment including those fees and expenses, respectfully showing the Court:

"A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A). "[T]he motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." FED. R. CIV. P. 54(d)(2)(B).

As to authority for the recovery of attorney's fees and expenses, "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for … an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8). Evanston Insurance Company ("Evanston") is an insurance company "duly organized, incorporated, and existing under the laws of the State of Illinois." [Doc. 1,

p. 1, para. 1]. Evanston brought this suit over two written contracts, specifically, two insurance policies, Policy No. EO862992 (policy period of March 20, 2016 to March 20, 2017) and Policy No. EO866506 (policy period of March 20, 2017 to March 20, 2018). [Doc. 1]. By preemptively bringing suit for declaratory relief in anticipation of a breach-of-contract suit being brought by OPF for Evanston denying coverage, for the purposes of awarding attorney's fees and expenses, this matter presents no differently than if OPF had brought suit first for breach-of-contract. TEX. CIV. PRAC. & REM. CODE § 38.004 (The general attorney's fees statute "shall be liberally construed to promote its underlying purposes.").

On February 13, 2020, the Court entered a *Memorandum and Order on Cross-Motions for Summary Judgment*. [Doc. 51]. In the Memorandum, the Court denied Evanston's motion for summary judgment and granted OPF's motion for summary judgment. OPF is undoubtedly the prevailing party.

"To recover attorney's fees under this chapter: (1) the claimant must be represented by an attorney; (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented." TEX. CIV. PRAC. & REM. CODE § 38.002. As OPF's filings in this matter demonstrate, OPF is and has been represented by counsel throughout. By letter dated May 10, 2017, OPF demanded coverage from Evanston. DEFENDANT'S EXHIBIT 1, OPF 18-23 (a true and correct copy of the letter sent demanding coverage). Evanston denied coverage. [Doc. 1, p. 3, paras. 7-8]. As is apparent from Evanston's pursuit of declaratory relief in this matter, it has never offered any coverage on the two insurance policies it made the subject of its request for declaratory relief.

To date, OPF's reasonable, necessary, usual, and/or customary attorney's fees incurred in this matter are $77,268.00 and expenses incurred are $1437.21. AFFIDAVIT OF BRAD C. BEDWELL. The total attorney's fees and expenses are therefore **$78,705.21**. OPF requests the Court take judicial notice of the usual and customary attorney's fees and of the contents of the case file in this matter. TEX. CIV. PRAC. & REM. CODE § 38.004. "It is presumed that the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable. The presumption may be rebutted." TEX. CIV. PRAC. & REM. CODE § 38.003.

**Prayer**

For these reasons, and for any others which may be demonstrated by or available to OPF, OPF requests: the Court award OPF its reasonable attorney's fees and expenses; the Court enter a judgment consistent with the *Memorandum and Order on Cross-Motions for Summary Judgment*. [Doc. 51] which includes an award of reasonable attorney's fees and expenses; and such other and further relief, general and specific, both at law and in equity, to which OPF may be justly entitled.

DONATO, MINX, BROWN & POOL, P.C.

/s/ Brad C. Bedwell
Aaron M. Pool
SBN 16115400
Brad C. Bedwell
SBN 24047429
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
(713) 877-1112 – Telephone
(713) 877-1138 – Facsimile
apool@donatominxbrown.com
bbedwell@donatominxbrown.com
ATTORNEYS FOR DEFENDANT

**Certificate of Service**

I certify that a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure to the following on February 27, 2020:

| | |
|---|---|
| Christine Kirchner<br>Michelle L. Sloan<br>CHAMBERLAIN, HRKLIKA, WHITE,<br>   WILLIAMS, & AUGHTRY<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002<br>Fax: (713) 658-2553<br>c.kirchner@chamberlainlaw.com<br>michelle.sloan@chamberlainlaw.com | Via email and ECF |
| Marc J. Wojciechowski<br>WOJCIECHOWSKI & ASSOCIATES, PC<br>17447 Kuykendahl Road, Suite 200<br>Spring, TX 77379<br>Fax: (281) 999-1955<br>marc@wojolaw.com | Via email and ECF |

/s/ Brad C. Bedwell
Aaron M. Pool / Brad C. Bedwell
